1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ASF, INC.,

        Plaintiff,

   v.

CITY OF SEATTLE,

        Defendant.

CASE NO. C05-903JLR

ORDER

    This matter comes before the court on a motion for a protective order filed by Defendant City of Seattle ("the City") (Dkt. # 31).  The court has considered the papers filed in support and opposition and GRANTS the City's motion.

    The City moves for a protective order to prevent Plaintiff ASF, Inc. ("ASF") from obtaining discovery of information contained in tax returns filed with the City by companies engaged in the same enterprise as ASF.  The City does not object to disclosure on relevancy grounds; rather, the City contends that the confidentiality provisions of the Seattle Municipal Code ("SMC"), SMC § 5.55.200, and the Washington Public Disclosure Act ("PDA"), RCW § 42.17.310(c), prevent such disclosure by government officials.

    The court concludes that ASF must attempt to obtain the information sought directly from the companies themselves pursuant to a subpoena duces tecum under Fed.

ORDER – 1

R. Civ. P. 45.  ASF is correct in noting that, where relevant, courts have compelled production of a party's tax returns.  See, e.g., State of Oregon ex rel. Thesman v. Dooley, 526 P.2d 563, 567 (Or. 1974).  ASF is not, however, requesting production of a *party's* tax return; rather, ASF seeks to have the government disclose the taxpayer information of third-party companies.  Cf. St. Regis Paper Co. v. United States, 368 U.S. 208, 218-19 (1961) ("[A]lthough tax returns . . . are made confidential within the government bureau . . . copies in the hands of the taxpayer are held subject to discovery.") (internal citation omitted).  Mindful of the public policy expressed in both local ordinance and in federal and state law to prevent government officials from disclosing taxpayer information, the court concludes that if ASF wishes to obtain financial information of its business competitors, it may do so by subpoena directed to the companies themselves.

    For the reasons stated herein, the court GRANTS the City's motion (Dkt. # 31).

    Dated this 2nd day of May, 2006.

                                 JAMES L. ROBART
                                 United States District Judge

ORDER – 2