UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASF, INC., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SEATTLE, <br><br> Defendant. | CASE NO. C05-0903JLR <br><br> MINUTE ORDER |

The following minute order is made by the direction of the court, the Honorable James L. Robart:

The court held a telephonic conference with the parties and two non-parties to discuss three pending motions (Dkt. ## 47, 49, 56). The court entered its rulings for the reasons stated on the record and further memorializes its decisions as follows.

The court GRANTS Defendant's motion to request that the court remove its motion to compel from the court's calendar (Dkt. # 56). As such, the court directs the Clerk to STRIKE the motion to compel (Dkt. # 47). The parties have now inexplicably decided to file further briefing on the underlying motion to compel, well past the noting date. Because the court grants Defendant's motion, the court will not consider any further, untimely briefing. If the parties are still unable to solve their discovery disputes following a proper meet and confer, they may request the court's assistance by filing a

MINUTE ORDER – 1

motion or requesting a teleconference pursuant to Local Rules W.D. Wash CR 7(i) ("Telephonic Motions"). Either way, the parties (and non-parties) should bear in mind that the date for filing motions related to discovery has now passed and any request for the court to rule on such a motion must also request relief from the court's scheduling order (Dkt. # 44), which the court will consider only for good cause shown.

The court GRANTS Plaintiff's motion to compel non-parties, Lake City, LLC and Seattle Amusement Co., Inc. to produce quarterly gross revenue figures from the period April 2004 – October 2005 (Dkt. # 49). The court instructed the non-parties that they may produce either their quarterly tax forms with redactions (save for the figures themselves) or may simply provide the figures, signed and dated by an appropriate company official. After discussion with counsel, the court further instructed the non-parties that they need only produce the figures associated with the "cabaret" portion of their business. The court encouraged the parties and non-parties to enter into a confidentiality agreement among themselves that would protect the information from disclosure. Alternatively, the court indicated that the non-parties or parties could file a protective order with the court, although the court cautioned them that it disfavors "blanket" protective orders that lack specificity. Further, if the parties wish to make the revenue figures part of the court's record in the future (e.g., as an exhibit to a motion for summary judgment), they may file a concurrent motion to seal the particular document in question in accordance with Local Rules W.D. Wash 5(g).

Filed and entered this 22nd day of June, 2006.

BRUCE RIFKIN, Clerk

By  s/Mary Duett
    Deputy Clerk

MINUTE ORDER – 2